UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNFEE, TDCJ #01300468, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-129 |
| BRYAN C GAINES, *et al*, | § § § | |
| Defendants. | § § | |

## ORDER OF DISMISSAL

Plaintiff Barry Dwayne Minnfee, an inmate in the custody of the Texas Department of Criminal Justice, filed this civil rights suit on April 30, 2018. Minnfee has not paid the filing fee in this case. Having reviewed the pleadings and the plaintiff's litigation history, the Court **dismisses** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act ("PLRA"), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of Section 1915(g), he may not proceed without prepayment of

the filing fee unless he fits within the imminent-danger exception at the time his complaint is filed. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). The threat of imminent danger must be "real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and allegations regarding past harms do not suffice. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff has filed numerous previous lawsuits, has been sanctioned repeatedly, and is subject to an order precluding him from filing additional suits absent a determination by a district or magistrate judge that his proposed action should be filed. *In re: Barry Dwayne Minnfee,* Case No. 4:11-MC-0436 (S.D. Tex. Feb. 21, 2018) (Dkt. 6). *See Minnfee v. Ramos*, Case No. 2:16-CV-324, 2016 WL 7364790 (S.D. Tex. Aug. 10, 2016) (collecting cases). He therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Minnfee's pleadings are difficult to decipher, but allege "improper commitment," "false imprisonment," and "no active felony." He also appears to allege error or wrongdoing by parole officials. He does not allege imminent physical danger. Because he is not otherwise eligible to proceed *in forma pauperis*, the Court will dismiss the complaint without prejudice as barred by Section 1915(g).

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Clerk will provide a copy of this order to plaintiff.

SIGNED at Galveston, Texas, this 4th day of May, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge